UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGIE LEE WILKES,

        Plaintiff,

v.

        CASE NO. 15-CV-11389
        HONORABLE GEORGE CARAM STEEH

NATIONAL CREDIT UNION
ADMINISTRATION BOARD, acting in its
capacity as liquidating agent for Craftsman
Credit Union,

        Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (DOC. #21) AND DISMISSING CASE, GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES (DOC. #24),
DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS
(DOC. #25), DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
REPLY BRIEF (DOC. #30), DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE PLAINTIFF'S RESPONSE (DOC. #32), AND DISMISSING AS
IMPROVIDENTLY FILED PLAINTIFF'S MOTIONS FOR LEAVE OF COURT
(DOC. #33) AND LEAVE TO FILE A REPLY BRIEF (DOC. #34), AND DENYING
PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION TO STRIKE (DOC. #35)

    Now before the court are the following motions:

    Defendant's motion to dismiss (construed by the court as a motion for summary judgment) (Doc. #21);[1]

---

[1] Defendant filed a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). The court converts the motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure Rule 56. Both parties rely on exhibits extrinsic to the pleadings in support of their arguments. The Sixth Circuit has explained that "[w]hether a district court must provide actual notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case." *Shelby Cnty. Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926 (6th Cir. 2000) (citation omitted). The Sixth Circuit explained that there is no surprise to the parties when a district court sua

Plaintiff's motion for leave to file excess pages (Doc. #24);

Plaintiff's motion to strike defendant's motion to dismiss (Doc. #25);

Plaintiff's motion to strike defendant's reply brief (Doc. #30);

Defendant's motion to strike plaintiff's response (Doc. #32);

Plaintiff's motion for leave of court (Doc. #33);

Plaintiff's motion for leave to file a reply brief (Doc. #34); and

Plaintiff's motion to dismiss defendant's motion to strike (Doc. #35).

For the reasons that follow, defendant's motion to dismiss will be granted, plaintiff's motion for leave to file excess pages will be granted, plaintiff's motion to strike defendant's motion to dismiss will be denied, plaintiff's motion to strike defendant's reply brief will be denied, defendant's motion to strike plaintiff's response will be denied, plaintiff's motions for leave of the court and leave to file a reply brief will be dismissed as improvidently filed, and plaintiff's motion to dismiss defendant's motion to strike will be denied.

## I. BACKGROUND

Pro se plaintiff Margie Wilkes was the CEO for Craftsman Credit Union ("Craftsman") in Detroit, Michigan until September 6, 2013, when the credit union was placed into liquidation by the defendant National Credit Union Administration. (Pl's. Am. Compl. at ¶

---

sponte decides to convert a motion to dismiss to one for summary judgment if (a) both sides submit extrinsic material as exhibits to their pleadings, (b) the parties had the opportunity to respond to arguments and exhibits that were submitted by the other side, and (c) the parties had the opportunity to fully address all arguments for dismissal. *Id.* at 931–32. Here, "[b]ecause the parties both submitted numerous exhibits fully addressing [defendant's] argument for dismissal, they had sufficient notice that the . . . court could consider this outside material when ruling on the issues presented in the . . . motion to dismiss and could convert it into a motion for summary judgment under Fed. R. Civ. P. 12(b)." *Id.* at 932.

2). Craftsman was a state chartered, federally insured credit union under 12 U.S.C. § 1752(7). After the liquidation, defendant became the successor to Craftsman. Pursuant to 12 U.S.C. § 1787(b)(2), defendant succeeded "all rights, titles, powers, and privileges" of Craftsman.

As part of her employment with Craftsman, plaintiff had a Supplemental Compensation Benefit Agreement (dated February 17, 2004), and, as CEO, was the beneficiary of a fully-funded Post-Retirement Healthcare Benefits plan (dated June 30, 2013). (*Id.* ¶ 2a). Plaintiff claims that, at the time her employment terminated, she was entitled to supplemental compensation benefits in the amount of $138,121.89 and post-retirement benefits in the amount of $80,957.00. (*Id.* ¶ 2c).

On September 28, 2013, plaintiff filed an administrative claim with defendant for the above benefits, totaling $219,078.89, pursuant to 12 U.S.C. § 1787(b)(5). Under section 1787(b)(5), defendant was tasked with the duty of determining 'whether to allow or disallow the claim. . . ." After requesting and receiving multiple extensions from plaintiff during the review period, on June 25, 2014, defendant informed plaintiff that $72,039.14 of her claim would be allowed. *See* (Pl's. Ex. C-6, June 25, 2014 Letter From Defendant). Specifically, defendant stated that the approved amount was the amount of interest earned on plaintiff's retirement and health benefits, credited as of the date of the liquidation. (*Id.*). Defendant informed plaintiff that $66,082.75 claimed under a Split-Dollar Agreement and $80,957 for lifetime post-retirement health benefits was denied. (*Id.*). Plaintiff was given the option of accepting defendant's determination, at which time a check for $72,039.14 would be issued to plaintiff. (*Id.*).

Plaintiff rejected the determination and initiated an administrative appeal. (Pl's. Ex. C-7, Notice of Appeal). During the pendency of the administrative appeal, defendant reassessed its decision. In a letter dated October 31, 2014, defendant informed plaintiff that it was prepared to adjust its position and approve the total $138,121.89 claimed in compensation benefits. (Pl's. Ex. C-9, October 31, 2014 Letter From Defendant). However, defendant did not change its view "regarding the lifetime post-retirement health benefits portion of [plaintiff's] claim, in the amount of $80,957." (*Id.*). That amount remained denied. Defendant explained to plaintiff that she could accept defendant's determination, at which time a check would be sent to her, or continue to pursue her appeal. (*Id.*).

Plaintiff again rejected defendant's determination. After further review, on December 1, 2014, defendant communicated to plaintiff that the entirety of her claim — $219,078.89 — would be accepted. (Pl's. Ex. C-10). However, defendant informed plaintiff that the books and records of Craftsman evidenced a promissory note given from Craftsman to plaintiff on September 1, 2010 in the amount of $202,561.05. (*Id.*). The note was secured by a mortgage on plaintiff's residential home. As of the date of defendant's December 1 letter to plaintiff, the balance on the note was $200,355, including principal, accrued interest and other fees. (*Id.*). Using the earlier date of when plaintiff initially filed her administrative claim for benefits, defendant reduced the "payoff" amount of the September 1, 2010 loan to $193,687.94. (*Id.*). As such, defendant stated its intention to offset the benefits granted to plaintiff ($219,078.89) by the amount of plaintiff's indebtedness ($193,987.94), for a total net claim amount of $25,390.95 in plaintiff's favor. (*Id.*). A check was remitted to plaintiff

in the amount of $25,390.95, in full satisfaction of her claim, which she accepted by cashing.

On December 17, 2014, defendant sent a letter to plaintiff informing her that the September 1, 2010 loan was closed, and documents were sent to plaintiff for her use to clear title to her residential property. (Pl's. Ex. C-11, December 17, 2014 Letter From Defendant). Because the entirety of plaintiff's administrative claim was granted, the administrative appeal was dismissed as moot. (Pl's. Ex. C-12, January 15, 2015 Letter From Defendant).

Plaintiff wrote to defendant to express her objection to the handling of her claim, specifically the offsetting of benefits. Plaintiff then filed this action seeking a judicial determination of her administrative claim. The court has jurisdiction under 12 U.S.C. § 1787(b)(6). Under section 1787(b)(6), a dissatisfied claimant may file an action in federal district court challenging a denial of her claim. Plaintiff alleges: Count I- Negligence of Duty of Care and Fraud and Count II- Breach of Contract.

This matter is now before the court on multiple motions, described above. Most substantively, before the court is defendant's motion to dismiss plaintiff's first amended complaint. (Doc. #21). Multiple related motions were subsequently filed. The court dispensed with oral argument on defendant's motion to dismiss, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The arguments raised in the subsequent motions likewise are adequately presented in the briefs such that oral argument is unnecessary. The court's decision on all of the motions follows.

## II. LEGAL STANDARDS

A. Rule 56

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence from which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

B. Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack "is a challenge to the sufficiency of the pleading itself," which requires the court to "take the material allegations of the [complaint] as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). On the other hand, a factual attack "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

### III. DISCUSSION

A. Subject-Matter Jurisdiction - Count II

The court first addresses a challenge to its subject-matter jurisdiction. One argument raised by defendant is that plaintiff failed to exhaust her administrative remedies as it relates to her negligence/fraud claim alleged in Count II because jurisdiction is predicated on 12 U.S.C. § 1787(b)(6), permitting agency review or judicial determination of disallowed claims. However, plaintiff's sole claim filed with defendant was a claim for benefits payable under two contracts entered into between plaintiff and Craftsman: (1) the supplemental compensation benefits agreement and (2) the post-retirement agreement. Plaintiff never raised a negligence/fraud claim in the administrative proceedings.

Defendant points to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, for its proposition that the court lacks subject-matter jurisdiction to address Count II. However, it is the Federal Credit Union Act that applies to this action. The Federal Credit Union Act expressly states that agency review *or* a judicial determination may be sought, without a requirement that claims first be raised in an administrative setting. 12 U.S.C. § 1787(b)(6)(ii). Given the statute's use of the word "or," it is clear that there is no exhaustion requirement. Indeed, defendant has not cited to any case that has found an exhaustion requirement in the Federal Credit Union Act. Thus, the court has subject-matter jurisdiction to address Count II.

B. The Merits

1. Count I- Breach of Contract

Defendant argues that, although plaintiff's amended complaint alleges breach of contract, negligence and fraud, "the essence of Wilkes' appeal is that she wanted the money from her claim and it should be her decision whether to use that money to pay her mortgage or not." (Def's. Mot. at 12). The court agrees with defendant's characterization

of the amended complaint. Plaintiff's amended complaint does not challenge defendant's actions allowing her claim. In essence, plaintiff challenges defendant's actions in offsetting the claim by the amount of her indebtedness to Craftsman. Thus, plaintiff's lawsuit is nothing more than a challenge to defendant's action on her claim under 12 U.S.C. § 1787(b)(6).

Unfortunately for plaintiff, however, her challenge to defendant's actions are without merit. Defendant allowed plaintiff's claim in full. Thus, there is nothing for plaintiff to challenge because her claim was allowed.

Plaintiff argues that defendant was not permitted to offset the amount of the claim that was allowed by the amount of her indebtedness to Craftsman. She is wrong. The Federal Credit Union Act states:

> Withholding of payment due to liability of credit union member
>
> The Board may withhold payment of such portion of the insured account of any member of a closed credit union or its liquidating agent, *which is not offset against a claim due from such credit union*, pending the determination and payment of such liability by such member or any other person liable therefor.

12 U.S.C. § 1787(n) (emphasis added). In addition, there is a common law setoff right. "'The right to setoff is a widely recognized common law right which allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *In re Gordon Sel-Way, Inc.*, 270 F.3d 280, 290 (6th Cir. 2001) (citing *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995)). As explained by the Michigan Court of Appeals:

> Setoff is a legal or equitable remedy that may occur when two entities that owe money to each other apply their mutual debts against each other. Generally, the setoff and the action must be between the same parties and

> in the same capacity or right, and the court can look through the transactions and nominal parties to determine the real parties in interest. A setoff requires a mutuality of debt between the same real parties in interest, where the demands of the mutually indebted parties are set off against each other and only the balance recovered. However, setoff rests on opposing claims that are enforceable in their own right. A claim for set off need not arise out of the same transaction as that sued on. If the parties are mutually indebted, there may be a setoff regardless of whether the debt arises out of the same contract or transaction.

*Siciliano v. Mueller*, No. 222258, 2001 WL 1699801, at *6 (Mich. Ct. App. Dec. 28, 2001) (internal quotation marks and citations omitted).

Based on the above statutory and common law principles, defendant was permitted to offset the amount of plaintiff's claim by the amount plaintiff owed under the note. Nothing plaintiff argues changes this result. Nothing in any of the contracts plaintiff was a party to affects the defendant's right to setoff.

Moreover, plaintiff accepted and cashed the $25,390.95 check from defendant in "full satisfaction" of her claim. Prior to accepting the check, plaintiff was informed:

> A check in [the] amount [of $25,390.95] is enclosed with this letter, representing payment to you in full satisfaction of your claim. Within the next two weeks, the Liquidating Agent will stamp the Note "Paid" and return it to you, and provide you with a satisfaction of mortgage that you may file in the appropriate county records. The result will be that you will own the Harper Woods property free and clear of any lien or interest of the Liquidating Agent. Since this transaction has the legal effect of granting your creditor claim against the liquidation estate of [Craftsman] in full, the effect is that the appeal you submitted to the [defendant] by letter of July 29, 2014, is moot and will be dismissed by the Board.

(Pl's. Ex. C-10). With the knowledge that accepting the check was in full satisfaction of her claim, plaintiff accepted and cashed the check. Thus, there has been an accord and satisfaction.

Accord and satisfaction is defined in Mich. Comp. Laws § 440.3311. Section 440.3311 provides,

> (1) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.
>
> (2) Unless subsection (3) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

Here, as described above, defendant sent plaintiff a check accompanied by a written communication containing a conspicuous statement that the check was tendered as full satisfaction of plaintiff's claim. Plaintiff cashed the check. There has been an accord and satisfaction.

### 2. Count II- Negligence/Fraud

Next, plaintiff contends that defendant was negligent and committed fraud in processing her administrative claim. Essentially, plaintiff contends that defendant's negligence/fraud arose out of defendant's request from plaintiff for more time to process the claim. Defendant has a statutory requirement to process claims within 180 days. 12 U.S.C. § 1787(5)(A)(I). However, as explained above, each time defendant requested an extension of this time period, plaintiff agreed to the extension. Plaintiff cannot complain that it took too long for defendant to reach a decision allowing or disallowing her claim when she agreed to the extension of time. Her claim lacks merit.

### C. Remaining Motions

Plaintiff also filed multiple other motions, many due to her lack of familiarity with court procedure and the local court rules. Plaintiff filed a motion for permission to file an oversized brief. (Doc. #24). This motion will be granted. Plaintiff also filed the following motions: Plaintiff's motion to strike defendant's motion to dismiss (Doc. #25) (wrongly asserting that defendant exceeded the page limit); Plaintiff's motion to strike defendant's reply brief (Doc. #30) (wrongly asserting that defendant's reply brief was untimely); Plaintiff's motion for leave of court (Doc. #33) (apologizing to the court for a lack of familiarity with the court rules); Plaintiff's motion for leave to file a reply brief (Doc. #34) (requesting the opportunity to file a sur-reply).

Defendant then filed a motion to strike plaintiff's sur-reply. (Doc. #32). Plaintiff responded with her own motion to dismiss defendant's motion to strike plaintiff's sur-reply. (Doc. #35).

Based on the above discussion, the court will grant plaintiff's motion for leave to file excess pages, deny plaintiff's motion to strike defendant's motion to dismiss, deny plaintiff's motion to strike defendant's reply brief, deny as moot defendant's motion to strike plaintiff's response, dismiss as improvidently filed plaintiff's motions for leave of the court and leave to file a reply brief, and deny plaintiff's motion to dismiss defendant's motion to strike.

IV. CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is GRANTED. This case is DISMISSED. In addition, plaintiff's motion for leave to file excess pages is GRANTED, plaintiff's motion to strike defendant's motion to dismiss is DENIED, plaintiff's motion to strike defendant's reply brief is DENIED, defendant's motion to strike plaintiff's response is DENIED AS MOOT, plaintiff's motions for leave of the court and leave

to file a reply brief are DISMISSED as improvidently filed, and plaintiff's motion to dismiss defendant's motion to strike is DENIED.

IT IS SO ORDERED.

Dated: December 4, 2015

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 4, 2015, by electronic and/or ordinary mail and also on Margie Lee Wilkes, 41382 Llorac Lane, Northville, MI 48167.

s/Barbara Radke
Deputy Clerk

---